# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DEJA VU SHOWGIRLS OF LAS VEGAS, L.L.C. d/b/a DEJA VU SHOWGIRLS; LITTLE DARLINGS OF LAS VEGAS, L.L.C. d/b/a LITTLE DARLINGS; K-KEL, INC. d/b/a SPEARMINT RHINO GENTLEMAN'S CLUB; OLUMPUS GARDEN, INC. d/b/a OLYMPIC GARDEN; SHAC, L.L.C. d/b/a SAPPHIRE; THE POWER COMPANY, INC., d/b/a CRAZY HORSE TOO GENTLEMEN'S CLUB; D. WESTWOOD, INC. d/b/a TREASURES; and D.I. FOOD AND BEVERAGE OF LAS VEGAS, L.L.C., d/b/a SCORES,<br><br>Plaintiff(s),<br><br>vs.<br><br>NEVADA DEPARTMENT OF TAXATION, NEVADA TAX COMMISSION and NEVADA STATE BOARD OF EXAMINERS,<br><br>Defendant(s). | 2:06-cv-0480-RLH-RJJ<br><br>**O R D E R**<br>(Motion to Dismiss–#12) |

Before the Court is Defendants' **Motion to Dismiss Amended Complaint** (#12, filed May 10, 2006). Plaintiffs' Opposition (#16) was filed June 5, 2006. Defendants' Reply (#17) was filed June 14, 2006.

The Motion will be granted.

## BACKGROUND

This suit arises from a statute enacted by the Nevada State legislature, 20th Special Session, in 2003, which, *inter alia*, replaced the casino entertainment tax with a tax on all live

1

entertainment. The provisions of the live entertainment tax were placed in Chapter 368A of the Nevada Revised Statutes ("NRS") and were further amended by the Nevada State Legislature in 2005.[1]

Plaintiffs, who operate establishments at which "live performance dance entertainment" is provided, contend that the Live Entertainment Tax violates their rights under the First and Fourteenth Amendments of the United States Constitution as a restraint on speech and a violation of substantive due process. They seek declaratory relief concerning the constitutionality of the tax and their non-obligation to pay it, and seek an injunction against its enforcement and seek damages under 42 U.S.C. §1983, including a refund of taxes paid.

Defendants' Motion to Dismiss challenges this Court's jurisdiction, invoking 28 U.S.C. §1341 (the "Tax Injunction Act" or "TIA"), which states that "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." Defendants also contend, based upon the pleadings and requirements of the Tax Injunction Act, that Plaintiffs have failed to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(1) and (6).

### STANDARD OF REVIEW

Rule 8 (Fed. R. Civ. P.) requires every complaint to contain "a short and plain statement of the grounds upon which the court's jurisdiction depends." Local Rule LR 8-1 requires that, "The first allegation of any complaint . . . shall state the statutory or other basis of claimed federal jurisdiction and the facts in support thereof. Federal courts are courts of *limited jurisdiction*. They have no inherent or general subject matter jurisdiction. They can adjudicate only those cases which the Constitution and Congress authorize. These are usually only those

---

[1] The Live Entertainment Tax applies to certain gaming and non-gaming facilities. NRS 368A.060 AND 368A200. The Department of Taxation administers the tax with respect to entities without gaming licenses. The Gaming Commission administers the tax with regard to gaming licensees.

2

1  which involve a federal question, the United States is a party or where there is diversity of
2  citizenship and certain criteria are met.  *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994).
3  The Plaintiffs bear the burden of proof by a preponderance of evidence that federal subject-matter
4  jurisdiction exists.  *Mortensen v. First Federal Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3rd Cir.
5  1977).

6  Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a court may
7  dismiss a complaint for "failure to state a claim upon which relief can be granted."  "[A] complaint
8  should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff
9  can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v.*
10 *Gibson*, 355 U.S. 41, 45-46 (1957); s*ee also Yamaguchi v. U.S. Dept. of the Air Force*, 109 F.3d
11 1475, 1481 (9th Cir. 1997).  All factual allegations set forth in the complaint "are taken as true and
12 construed in the light most favorable to [p]laintiffs."  *Epstein v. Washington Energy Co.*, 83 F.3d
13 1136, 1140 (9th Cir. 1999).  Dismissal is appropriate "only if it is clear that no relief could be
14 granted under any set of facts that could be proven consistent with the allegations."  *Hishon v.*
15 *King & Spalding*, 467 U.S. 69, 73 (1984); s*ee also McGlinchy v. Shell Chem. Co.*, 845 F.2d 802,
16 810 (9th Cir. 1988).

17                                      DISCUSSION

18 The United States Supreme Court has held, in a fairly recent decision, that the Tax
19 Injunction Act "shields state tax collections from federal-court restraints," and "was designed
20 expressly to restrict the jurisdiction of the district courts of the United States over suits relating to
21 the collection of State taxes."  *Hibbs v. Winn*, 542 U.S. 88, 104 (2004).

22 Drawing a clear distinction between tax credits (over which the district courts have
23 jurisdiction) and actions seeking to avoid payment of taxes or to otherwise interfere with state tax
24 collection, *Hibbs* took great pains to reaffirm a long line of its decisions which denied jurisdiction
25 to U.S. district courts in cases where the purpose of the suit was to avoid the payment of taxes–
26 usually on constitutional grounds–or seek a refund for taxes already paid.  *See e.g., Rosewell v.*

*LaSalle National Bank*, 451 U.S. 1011 (1981) (two-year delay of tax refund was still a plain, speedy and efficient remedy to preclude federal district court jurisdiction under Tax Injunction Act); *Fair Assessment in real Estate Association, Inc. V. McNary*, 454 U.S. 100 (1981) (comity and TIA barred taxpayers' suit for damages under §1983); *California v. Grace Brethren Church*, 457 U.S. 393 (1982) (TIA prohibits federal district court from enjoining or declaring unconstitutional state tax laws where plain, speedy and efficient remedy available); *National Private Truck Council, Inc. v. Oklahoma Tax Comm'n*, 515 U.S. 582 (1995) (district court cannot enjoin, suspend or restrain the assessment or collection of taxes under State law, where plain, speedy and efficient remedy may be had in State courts).

The Ninth Circuit likewise has held that the Tax Injunction Act barred federal court consideration of a complaint involving the constitutionality of California Proposition 13. *Marvin F. Poer and Company, v. Counties of Alameda*, 725 F.2d 1234 (1984). In that case, the Circuit Court stated that, "federal courts have generally dismissed cases in which plaintiffs have sought both injunctive or declaratory relief and a refund or damages." Citing *Bland v. McHann*, 463 F.2d 21 (5th Cir. 1972, *cert. denied*, 410 U.S. 966); *City of Burbank v. State of Nevada*, 548 F.2d 708 (9th Cir. 1981); and *Dillon v. State of Montana*, 634 F.2d 463 (9th Cir. 1980).

The *Hibbs* Court went to significant lengths to explain that it responds to State governments' need to assess and collect taxes as expeditiously as possible with a minimum of preenforcement judicial interference and the legal right that the disputed taxes be determined in a suit for refund. 542 U.S. at 103. The Court also noted that two of the purposes of the Act was to eliminate disparities between large out-of-state corporations and in-state taxpayers in what their remedies should be; and, to stop taxpayers, with the aid of a federal injunction, from withholding large sums thereby disrupting state government finances. *Id.* at 104. The Tax Injunction Act was "shaped by state and federal provisions barring anticipatory actions by taxpayers to stop the tax collector from initiating collection proceedings," training "its attention on taxpayers who sought to avoid paying their tax bill by pursuing a challenge route other than the one specified by the taxing

authority." *Id.* at 104-105.  The Court noted that "federal-court relief would have operated to reduce the flow of state tax revenue," and acknowledged that "the principal purpose of the TIA was to 'limit drastically' federal-court interference with 'the collection of [state] taxes.'" *Id*. at 105-106.

Plaintiffs' Opposition attempts to argue that First Amendments rights enjoy a special protection from improper taxation, fee assessment or licensing requirements.  They cite cases in support of this argument, including Supreme Court cases.  This Court does not question the decisions in those cases, but they are inapposite to the jurisdictional issue here.  In their lead-off case, they cite *Fair Assessment in real Estate Ass'n, Inc. v. McNary,* which the *Hibbs* case cites as noted above.  However, this case is contrary to Plaintiffs' argument.  In *McNary,* the dismissal on jurisdictional grounds was affirmed.

The other cases cited either do not address taxation collection issues, or they involve cases where the proper jurisdictional route was taken, *i.e.*, they were pursued through *State courts*, up through State Supreme Courts and then to the Supreme Court of the United States.  Those cases adopted the procedure mandated by the Tax Injunction Act!

Another argument attempted by Plaintiffs is that there is no remedy in the State courts.  This argument is based upon NRS 368A.280(1), which states:

> No injunction, writ of mandate or other legal or equitable process may issue in any suit, action or proceeding in any court against this state or against any officer of this State to prevent or enjoin the collection under this chapter of the tax imposed by this chapter or any amount of tax, penalty or interest required to be collected.

First, it should be noted that the foregoing statute does not preclude a taxpayer from pursuing the established procedures for contesting a tax or seeking a refund.

Second, the language of the statute does not, as Plaintiffs suggest, preclude judicial recourse in the State court. It merely prevents a preemptive strike, that is an action to enjoin the collection of the taxes. It does not prevent a judicial challenge either to the collection of the tax or the constitutionality of the statute authorizing the tax.  Indeed, the Nevada Supreme Court, in a

1  case involving a statute which precluded any suit whatever unless an administrative claim had
2  been filed, held that notwithstanding the statute, the California corporation could bring the suit to
3  challenge the tax. *State v. Scotsman Mfg. Co. Inc.*, 109 Nev. 252, 849 ).2d 317 (1993).  This
4  decision strongly suggests that declaratory relief is available in State court notwithstanding NRS
5  368A.280(1).
6        At any rate, Plaintiffs have not alleged in their complaint, with specific facts, that
7  there exists no "plain," speedy or efficient remedy available under the laws or through the courts of
8  the State of Nevada.  Accordingly, Plaintiffs have neither established jurisdiction nor stated a
9  claim upon which relief can be granted by this Court.  This case clearly is a case designed to enjoin
10 or restrain the assessment or collection of a tax under a State law and further seeks damages,
11 including a refund of taxes.  It clearly falls within the purpose of the Tax Injunction Act and
12 removes this Court's jurisdiction.
13       Defendants also argue that they are not "persons" for the purposes of Section 1983
14 and therefore no claim under that section can lie against them.  Although the Court need not
15 address this argument, it notes that the assertion is correct.
16       Defendants also argue that they are immune from this suit pursuant to the provi-
17 sions of the Eleventh Amendment of the Constitution.  In this case the State of Nevada has not
18 waived its Eleventh Amendment Immunity, nor is such a waiver alleged or pled.  Nor do Plaintiffs
19 allege that Congress has abrogated the State's Eleventh Amendment immunity under these
20 circumstances.  This is clearly a suit against the State of Nevada and its agencies.
21       For all the foregoing reasons, the Court finds that Defendants' Motion to Dismiss
22 has merit and must be granted.
23 . . . .
24 . . . .
25 . . . .
26 . . . .

IT IS THEREFORE ORDERED that **Motion to Dismiss Amended Complaint** (#12) is GRANTED.

Dated: July 25, 2006.

_____
**ROGER L. HUNT**
**United States District Judge**